# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

MICHAEL WILLIAM JAMES,

Plaintiff,

v.

LAURA HARTZ, *et al.,*

Defendants.

Case No. 3:26-cv-00106-ACP

## ORDER OF DISMISSAL UPON SCREENING & NOTICE OF STRIKE

On March 4, 2026, self-represented prisoner Michael William James ("Plaintiff") filed a "Bill by Complainant for Declaratory Decree for Status" and 282 pages of attachments.[1] This action is deficient. To properly commence a civil action, a litigant must file a complaint that complies with the Federal Rules of Civil Procedure and the District of Alaska Local Civil Rules, a civil cover sheet, and either pay the filing fee of $405.00, or file a completed application to waive prepayment of the filing fee.[2] Additionally, to state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought."[3]

The Court recognizes that documents filed by self-represented litigants are to be construed liberally, and that federal courts must act with some leniency

---

[1] Docket 1.

[2] Local Civil Rule 3.1.

[3] Rule 8(a), Federal Rules of Civil Procedure.

toward those without legal training.[4] But this leniency does not require the Court to rewrite deficient pleadings or motions.[5] Nor can the Court provide legal advice or act as a party's attorney.[6]

The Court has now screened Plaintiff's filings in accordance with 28 U.S.C. §§ 1915, 1915A. Plaintiff has not alleged any legally recognized harms or injuries traceable to any particular Defendants' conduct that a court could possibly resolve, and his claims lack an arguable basis in law and fact.[7] The Court finds that according Plaintiff leave to cure the deficiencies in this case would be futile. Accordingly, this case must be DISMISSED with prejudice. This dismissal counts as a "strike" under 28 U.S.C. § 1915(g), which may limit Plaintiff's ability to bring future civil rights cases in federal court.

## I.    Screening Review of Plaintiff's Claims

Plaintiff identifies himself as "MICHAEL WILLIAM JAMES under Idaho File #111-75-04436. Michael-William; Family [James], In Propria Persona, [Non-Corporate Entity], in esse Sui Juris, a Pre-March 9, 1933 Private American National of the Idaho (Republic), Injured Third Party Intervener and only Real Party in Interest" and purports he is "not subject to the jurisdiction of the UNITED

---

[4] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[5] *See Pliler v. Ford*, 542 U.S. 225, 231 (2004).

[6] *Rizzo v. Goode,* 423 U.S. 362, 371-72, 377 (1976).

[7] *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

Case No. 3:26-cv-00106-ACP, *James v. Hartz, et al*.
Order of Dismissal & Notice of Strike
Page 2 of 8

STATES OF AMERICA or any other fiction form of government."[8] Plaintiff attempts to divide himself into two separate entities—a natural-born "Freeman" and a corporate fiction—and suggests he should not be an "alleged Defendant" in *State of Alaska v. James,* Case No. 4FA-11-00193CR.[9]

Plaintiff's filings make it evident that he adheres to the same type of "sovereign citizen" theories that have been flatly rejected by this nation's courts as frivolous, irrational, or unintelligible.[10] "While many various subgroups and ideologies may fall under the sovereign-citizen umbrella, the overarching unifying principle is the belief that, even though they physically reside in this country, the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior."[11] The Ninth Circuit specifically has repudiated such arguments as "utterly meritless."[12] The Court, "like others across the country, concludes that 'sovereign citizens,' like all citizens of the United States, are subject to the laws of the jurisdiction in which they reside," including in this case, the laws

---

[8] Docket 4.

[9] Docket 1 at 4.

[10] *See also United States v. Ward*, 182 F.3d 930 (9th Cir. 1999) (noting that contentions based on sovereign citizen arguments are "frivolous" and that "courts ordinarily reject similar contentions without extended argument.").

[11] *Caetano v. Internal Revenue Serv.,* 2023 WL 3319158 at *2 (E.D. Cal. May 9, 2023), *report and recommendation adopted,* 2023 WL 4087634 (E.D. Cal. June 20, 2023).

[12] *United States v. Studley,* 783 F.2d 934, 937 n.3 (9th Cir. 1986) (noting the sovereign citizen "argument has been consistently and thoroughly rejected… advancement of such utterly meritless arguments is now the basis for serious sanctions imposed on civil litigants who raise them.").

Case No. 3:26-cv-00106-ACP, *James v. Hartz, et al*.
Order of Dismissal & Notice of Strike
Page 3 of 8
Case 3:26-cv-00106-ACP   Document 2   Filed 04/24/26   Page 3 of 8

of the State of Alaska.[13] States have the inherent authority to charge individuals with criminal offenses under their own statutes based on their sovereign police powers, which are preserved by the Tenth Amendment and recognized by the United States Supreme Court.[14] This authority allows states to define and punish criminal conduct within their borders.[15] Federal courts may not enjoin or otherwise intervene in ongoing state criminal cases except in extremely narrow circumstances,[16] none of which are present in this case.

Plaintiff's claims, which are based on sovereign-citizen ideology, are dismissed as frivolous. This dismissal counts as a "strike" under 28 U.S.C. § 1915(g), which may limit Plaintiff's ability to bring future civil rights cases in federal court.

---

[13] *El v. Ally Bank,* 2022 WL 2904867, at *2 (D. Nev. 2022) (quotation marks and citations omitted). *See also United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented.").

[14] U.S. Const. Amend. X. *See also Mayor, Aldermen and Commonalty of City of New York v. Miln,* 36 U.S. 102 (1837) (holding states can prosecute any individual found within their jurisdiction for offenses committed within their jurisdiction against their criminal law).

[15] *See, e.g., Bond v. U.S.,* 572 U.S. 844 (2014) (noting that the states have broad authority to enact legislation for the public good, including the punishment of local criminal activity, which is a clear example of traditional state authority).

[16] *Younger v. Harris*, 401 U.S. 37 (1971).

Case No. 3:26-cv-00106-ACP, *James v. Hartz, et al*.
Order of Dismissal & Notice of Strike
Page 4 of 8

## II. The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous, malicious, or fails to state a claim upon which relief may be granted[.]"[17] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[18] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, he is under imminent danger of serious physical injury.[19] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[20] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[21] In addition to being "imminent," the alleged danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[22]

---

[17] 28 U.S.C. § 1915(g).

[18] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[19] 28 U.S.C. § 1915(g); *see also Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

[20] *Andrews v. Cervantes,* 493 F.3d 1047, 1056 (9th Cir. 2007).

[21] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

[22] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

Case No. 3:26-cv-00106-ACP, *James v. Hartz, et al.*
Order of Dismissal & Notice of Strike
Page 5 of 8

### III. This case shall be unsealed

Plaintiff moves for the matter to proceed ex parte and under seal, asserting that as a "Private American National of the union state of Idaho" his rights should not "co-mingle" with "enemies, belligerents and rebels in the Public."[23] However, the Court finds that this case need not remain under seal. In general, the public has a right "to inspect and copy public records and documents, including judicial records and documents."[24] Although access to judicial records is not absolute, there is a "strong presumption in favor of access."[25] "[A] court may seal records only when it finds a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture."[26] The Court can order the unsealing or redaction of any sealed document for the public record.[27]

Upon review, the Complaint does not include personal identifiers that must be redacted or remain under seal.[28] However, because the attachments include personal information that is unnecessary for this action, the attachments at Dockets 1-1 through 1-5 shall remain under seal. The remainder of the case shall

---

[23] Docket 1 at 2.

[24] *Kamakana v. Cty. and Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation and citation omitted).

[25] *Foltz v. State Farm Mutual Auto. Insurance Company,* 331 F.3d 1122, 1135 (9th Cir. 2003).

[26] *Center for Auto Safety v. Chrysler Group, LLC,* 809 F.3d 1092, 1096–97 (9th Cir. 2016) (internal quotation, alteration, and citation omitted).

[27] Alaska Local Civil Rule 7.3(f)(7).

[28] Local Civil Rule 5.2 (establishing procedures for redacting personal identifiers in filed documents or, where appropriate, seeking to file materials under seal).

Case No. 3:26-cv-00106-ACP, *James v. Hartz, et al*.
Order of Dismissal & Notice of Strike
Page 6 of 8

be unsealed.

### IV.   Warning re status requests

The undersigned has received reports that Plaintiff has made repeated and excessive phone calls to the Court asking about the status of this case. The Clerk's Office staff may provide general information about procedure and docket activity but cannot advise a party how to proceed, interpret rules, or predict how or when the Court will issue an order. It is not permissible to write, telephone, or otherwise try to directly communicate with the judge assigned to a case or chambers staff. Repetitive calls to the Court will not expedite Plaintiff's cases and unnecessarily expends the Court's limited resources.

### V.   Warning re Future Filings

Under Rule 11 of the Federal Rules of Civil Procedure, when a party, including one who is self-represented, files a pleading with the Court, they certify "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances the claims, defenses, and other legal contentions are warranted by existing law or nonfrivolous argument" and "the factual contentions have evidentiary support."[29] Plaintiff is cautioned that the continued filing of claims in the District of Alaska that Plaintiff knows, or should know, will be dismissed may result in the entry of a vexatious litigant order by this Court requiring prescreening of Plaintiff's filings in this forum.

---

[29] Fed. R. Civ. P. 11(b)(2–3).

Case No. 3:26-cv-00106-ACP, *James v. Hartz, et al*.
Order of Dismissal & Notice of Strike
Page 7 of 8

IT IS THEREFORE ORDERED:

1.      This action is **DISMISSED as frivolous**.

2.      This dismissal counts as a **STRIKE**.

3.      All pending motions are **DENIED as moot**.

4.      The Clerk shall unseal the Complaint at Docket 1, but the attachments

at Dockets 1-1 through Docket 1-5 shall remain under seal.

5.      The Clerk shall unseal this case, issue a final judgment, and close this

case.

DATED this 24 day of April, 2026, at Anchorage, Alaska.

*/s/ Aaron Christian Peterson*
AARON CHRISTIAN PETERSON
UNITED STATES DISTRICT JUDGE

Case No. 3:26-cv-00106-ACP, *James v. Hartz, et al*.
Order of Dismissal & Notice of Strike
Page 8 of 8

Case 3:26-cv-00106-ACP     Document 2     Filed 04/24/26     Page 8 of 8